IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Michael J. Malad, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:13-cv-533 |
| | ) | |
| Asset Acceptance, LLC, a Delaware limited liability company, and Stephen Lerch and David Wright, d/b/a Wright & Lerch, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Michael J. Malad, Sr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Michael J. Malad, Sr. ("Malad"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to American Express Centurion

Bank.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Asset was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendants, Stephen J. Lerch and David M. Wright, d/b/a Wright & Lerch ("W&L"), are Indiana attorneys, who, in partnership with each other, act as debt collectors, as defined by § 1692a of the FDCPA, because they regularly use the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, W&L were acting as debt collectors as to the delinquent consumer debt they attempted to collect from Mr. Malad.

6. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, phone calls, credit reporting, lawsuits, and proof of claims in bankruptcies.

7. Defendant Asset is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, both Defendants conduct extensive and substantial business in Indiana.

## FACTUAL ALLEGATIONS

8. On January 10, 2011, Asset, through attorneys at W&L, sued Mr. Malad to collect upon a defaulted consumer obligation that Asset had purchased after it became delinquent. This lawsuit was styled <u>Asset Acceptance v. Malad</u>, No. 49K09-1101-SC-000174 (Marion County, Indiana)("State Court Lawsuit"). <u>See</u>, the Chronological Case Summary in the State Court Lawsuit, which is attached as Exhibit <u>B</u>.

9. On February 23, 2011, Asset and Wright & Lerch obtained a judgment against Mr. Malad in the State Court Lawsuit. <u>See</u>, Exhibit <u>B</u>.

10. Accordingly, when Mr. Malad filed a Chapter 7 bankruptcy petition on May 25, 2012, in a matter styled <u>In re: Malad</u>, S.D. Ind. Bankr. No. 12-06283-AJM-7, among the debts listed on Schedule <u>F</u> of Mr. Malad's bankruptcy petition was the judgment debt he allegedly owed to Asset Acceptance, <u>see</u>, excerpt of bankruptcy petition, attached as Exhibit <u>C</u>.

11. On May 31, 2012, Asset was sent, via electronic transmission, notice of the bankruptcy by the court, and on June 1, 2012, notice of the bankruptcy was sent to the court in which the State Court Lawsuit was filed, via first class U.S. mail, <u>see</u>, the Certificate of Service to the Notice of Chapter 7, Bankruptcy Case, Meeting of Creditors and Deadlines, attached as Exhibit <u>D</u>.

12. Moreover, on June 5, 2012, the notice of the bankruptcy was entered on the docket by the court in the State Court Lawsuit. <u>See</u>, Exhibit <u>B</u>.

13. On September 12, 2012, Mr. Malad received a discharge from the bankruptcy court for his obligations, including the judgment in the State Court Lawsuit. On September 14, 2012, Asset was sent, via electronic transmission, notice of the

Discharge of Debtor by the bankruptcy by the court, and on September 15, 2012, notice was sent to the Court handling the State Court Lawsuit, via first class U.S. mail, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit E.

14. Nonetheless, on February 5, 2013, Defendants Asset and W&L filed a Motion for Proceeding Supplemental against Mr. Malad to collect the now-discharged judgment in the State Court Lawsuit. As a result of Defendants' Motion for Proceedings Supplemental, an Order to Appear in Court was sent directly to Mr. Malad. Copies of the Motion for Proceedings Supplemental and the Order to Appear in Court are attached as Group Exhibit F.

15. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the

4

FDCPA.  <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

20. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e Of The FDCPA --
### Taking An Action That Could Not Be Legally Taken

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including falsely representing the character, amount or legal status of any debt, <u>see</u>, 15 U.S.C. § 1692e(2)(A), as well as taking any action that cannot legally be taken, <u>see</u>, 15 U.S.C. § 1692e(5).

23. Defendants violated § 1692e of the FDCPA by:

   a. attempting to collect a judgment that was no longer owed due to a bankruptcy discharge; and,

   b. wrongly filing a Motion for Proceedings Supplemental on a judgment that had been discharged in bankruptcy.

24. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

25. Plaintiff adopts and realleges ¶¶ 1-16.

5

26. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

27. Here, Plaintiff's bankruptcy and discharge told Defendants' that Plaintiff refused to pay this debt (Exhibits C, D, and E). By continuing to demand payment of the debt (Group Exhibit F), Defendants violated § 1692c(c) of the FDCPA.

28. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Michael J. Malad, Sr., prays that this Court:

1. Declare that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Malad, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Michael J. Malad, Sr., demands trial by jury.

Michael J. Malad, Sr.,

By:/s/ David J. Philipps\
One of Plaintiff's Attorneys

Dated:  March 28, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com